IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CONCILIO DE SALUD INTEGRAL DE LOIZA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MUNICIPALITY OF RIO GRANDE ET AL., <br><br> Defendants. | CIV. NO. 21-1510 (SCC) |

**OPINION AND ORDER**

Concilio de Salud Integral de Loiza, Inc., ("CSIL") brings suit against the Municipality of Rio Grande, its mayor and legislators, and unnamed defendants, seeking damages or, alternatively, injunctive relief to rectify physical and regulatory takings of its property. Docket No. 1. After various developments in parallel proceedings in Puerto Rico court, CSIL moves to amend its complaint to add facts related to its regulatory takings claim, remove its request for injunctive relief, and drop the mayor and legislators from this lawsuit. Docket No. 55. The Municipality argues that these amendments would be futile because, under the *Colorado River* doctrine, we should abstain from exercising jurisdiction.

*See* Docket No. 58, pgs. 4–5. For the reasons below, we decline to abstain from exercising jurisdiction, allow CSIL to amend its complaint, and give the Municipality—the only remaining named defendant—leave to refile its pending motions insofar as they are unresolved.[1]

### I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

CSIL provides primary healthcare services to indigent communities. Docket No. 1, pg. 5. It planned to transfer its operations to a property it purchased in Rio Grande, Puerto Rico, for $3,600,000.00 in February 2020. *Id.* at 6. But it needed to make some improvements first. *Id.* When it went to the Municipality of Rio Grande to pay a construction excise tax, the Municipality rejected the payment and said that it had passed an ordinance exercising eminent domain over the property. *Id.* at 7. The Municipality approved the ordinance on October 26, 2020. *Id.* The Municipality has not yet paid just

---

1. The Municipality has filed a motion to dismiss and a motion to stay, Docket Nos. 14, 43, the defendants in their individual capacities have filed a motion to dismiss, Docket No. 27, and the defendants in their official capacities have filed a motion to dismiss, Docket No. 29.

CONCILIO DE SALUD INTEGRAL DE LOIZA, INC. V.  
MUNICIPALITY OF RIO GRANDE ET AL.

Page 3

compensation, and it has barred CSIL from improving the property. *Id.* at 7–8. CSIL argues that the Municipality violated the Fifth and Fourteenth Amendments to the U.S. Constitution by appropriating its property (a physical taking) and depriving it of full use and enjoyment (a regulatory taking) without just compensation. *Id.* at 10–15. It also brings related claims under the Puerto Rico Constitution and Civil Code. *Id.* at 2. CSIL seeks damages for these takings or, if the Municipality cannot pay, an injunction prohibiting it from taking the property. *Id.* at 15.

Before CSIL filed suit, it filed a mandamus action in Puerto Rico court seeking an order requiring the Municipality to accept its construction excise tax payment. Docket No. 14, pg. 2. The court entered judgment against CSIL. *Id.* CSIL appealed. *Id.* While the appeal was pending, CSIL filed suit here.

In July 2022, the Municipality filed an expropriation action in Puerto Rico court. Docket No. 45, pg. 1. It deposited with the court $3,600,000.00 in just compensation, and the

court granted it title to CSIL's property. *Id.* We ordered CSIL to explain why these developments did not moot this case. Docket No. 49. It said that the mere pendency of that case does not moot this one and that it wants to amend its complaint to add allegations about the Municipality's actions between approving the ordinance and filing the expropriation action—an almost two-year period when the Municipality allegedly barred it from improving the property. Docket No. 52. We told it to seek leave to amend its complaint. Docket No. 53. It filed a motion seeking leave to amend (with a proposed amended complaint attached). Docket No. 55. The Municipality opposes, arguing that allowing it to amend would be futile because we should abstain from exercising jurisdiction under the *Colorado River* doctrine. Docket No. 58.

**II. MOTION TO AMEND & *COLORADO RIVER* ABSTENTION**

A party may amend its complaint with leave of court, which should be "freely give[n]." FED. R. CIV. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . , repeated failure

CONCILIO DE SALUD INTEGRAL DE LOIZA, INC. V.  
MUNICIPALITY OF RIO GRANDE ET AL.

Page 5

to cure deficiencies . . . , undue prejudice to the opposing party . . . , futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Amyndas Pharms. v. Zealand Pharma*, 48 F.4th 18, 36 (1st Cir. 2022) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This is consistent with federal courts' "longstanding policy favoring the resolution of disputes on the merits." *Id.*

The Municipality claims that giving CSIL leave to amend would be futile because the proposed amended complaint, like the original, should be dismissed under the *Colorado River* doctrine. Because CSIL seeks leave to amend before discovery has taken place, we "assay[ ] futility with reference to the Rule 12(b)(6) pleading criteria." *Privitera v. Curran*, 855 F.3d 19, 28 (1st Cir. 2017). Although, to our knowledge, the First Circuit has not yet decided whether a motion to dismiss on abstention grounds is properly viewed as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction or a 12(b)(6) motion to dismiss for failure to state a claim, *see, e.g.*, *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 39

n.6 (1st Cir. 2012), we view it as a Rule 12(b)(6) motion. Abstention is prudential, not jurisdictional. *See Chico Serv. Station, Inc. v. SOL P.R.*, 633 F.3d 20, 31 (1st Cir. 2011) (explaining "[a]bstention is, at its core, a prudential mechanism that allows federal courts to take note of and weigh significant and potentially conflicting interests that were not—or could not have been—foreseen by Congress at the time that it granted jurisdiction"); *cf. Marshall v. Bristol Sup. Ct.*, 753 F.3d 10, 17 (1st Cir. 2014) ("*Younger* is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction . . . ." (quoting *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003))). Indeed, in this circuit, *Colorado River* abstention "has historically resulted in a stay." *Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 32 (1st Cir. 2010). Were it jurisdictional, we would be forced to dismiss as soon as we saw that it applied instead of staying the case. FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."). So it makes sense to view the Municipality's abstention-based futility argument through the lens of Rule 12(b)(6).

An amendment is futile "if the proposed amended complaint fails to state a plausible claim for relief." *Privitera*, 855 F.3d at 28. In evaluating whether a complaint states a plausible claim for relief, we take as true the well-pleaded facts and draw all reasonable inferences in the pleader's favor. *Cebollero-Bertrán v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir. 2021). The Municipality's opposition is limited to *Colorado River* abstention. And because its opposition incorporates the motion it filed earlier to dismiss based on *Colorado River* abstention, Docket No. 58, pg. 5 (incorporating "Defendants' Motion to Dismiss for Lack of Jurisdiction"); Docket No. 14, pg. 1 ("Defendants' Motion to Dismiss for Lack of Jurisdiction"), we consider those arguments here insofar as they apply to the proposed amended complaint.

For starters, "there is nothing unusual about parallel litigation resolving similar controversies in both state and

CONCILIO DE SALUD INTEGRAL DE LOIZA, INC. V.  
MUNICIPALITY OF RIO GRANDE ET AL.

Page 8

federal court." *Nazario-Lugo v. Caribevisión Holdings, Inc.*, 670 F.3d 109, 114 (1st Cir. 2012). To be sure, parallel litigation may result in some "inefficiency and wasted resources" and poses a "risk of inconsistent decisions." *Id.* But "parallel litigation in state court will not in and of itself merit abstention in federal court." *Jiménez*, 597 F.3d at 27. That said, our "virtually unflagging obligation" to exercise jurisdiction is not absolute. *Id.* (citing *Colo. River*, 424 U.S. at 817). Under the *Colorado River* doctrine, if there are "'exceptional' circumstances displaying 'the clearest of justifications,'" we may defer jurisdiction to state court "in the interest of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Nazario-Lugo*, 670 F.3d at 115 (quoting *Colo. River*, 424 U.S. at 817–19). Of all the abstention doctrines, we approach this one with the most caution. *Jiménez*, 597 F.3d at 27. Whether exceptional circumstances are present depends on a variety of factors:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the

CONCILIO DE SALUD INTEGRAL DE LOIZA, INC. V.
MUNICIPALITY OF RIO GRANDE ET AL.

Page 9

> desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Id.* at 27–28 (quoting *Rio Grande Cmty. Health Ctr. v. Rullan*, 397 F.3d 56, 71–72 (1st Cir. 2005)). None are determinative. And the cards are stacked in favor of exercising jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983) (stating the balance is "heavily weighted in favor of the exercise of jurisdiction" and "the weight to be given to any one factor may vary greatly from case to case"); *see also Currie v. Grp. Ins. Comm'n*, 290 F.3d 1, 10 (1st Cir. 2002) ("There is a 'heavy presumption favoring the exercise of jurisdiction.'" (quoting *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts (Villa Marina I)*, 915 F.2d 7, 13 (1st Cir. 1990))).

As a threshold matter, we must decide whether the Puerto Rico litigation and this one are "sufficiently parallel,"

CONCILIO DE SALUD INTEGRAL DE LOIZA, INC. V.
MUNICIPALITY OF RIO GRANDE ET AL.

Page 10

meaning that the "state action resolve[s] all of the claims in the federal case." *Glassie v. Doucette*, No. 21-1761, 2022 WL 17412856, at *3 (1st Cir. Dec. 5, 2022) (quoting *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts (Villa Marina II)*, 947 F.2d 529, 533 (1st Cir. 1991)). For a stay issued under the *Colorado River* doctrine "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Id.* (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). If there is sufficient parallelism here, it will be between this case and the expropriation action. For the mandamus action simply seeks an order requiring the Municipality to accept CSIL's construction excise tax payment. The parties disagree about the scope of the expropriation action. CSIL contends that it is only litigating the amount of just compensation, not the damages that it suffered due to the alleged regulatory taking. Docket No. 52, pg. 4. The Municipality disagrees. It says that the parties are litigating the amount of just compensation, when the taking occurred, *and* the damages CSIL suffered prior to the expropriation

action. Docket No. 58, pg. 4. Because neither party has provided us with a copy of the complaint from that action, we cannot be sure who is right. We will assume, favorably to the Municipality,[2] that the proceedings are sufficiently parallel and, thus, this case is a candidate for *Colorado River* abstention.

Now to the factors. There is no force to the first factor. For there is no longer a res involved here. CSIL removed its request for injunctive relief prohibiting the Municipality from taking the property and now simply asks for money to compensate it for the alleged takings. So there is no "possibility for inconsistent dispositions of property." *Jiménez*, 597 F.3d at 28 n.6 (agreeing with the Second Circuit that this factor is concerned with "comprehensive disposition of rights in a particular piece of property" (quoting *Levy v. Lewis*, 635 F.2d 960, 965–66 (2d Cir. 1980))).

---

2. If the expropriation action were not sufficiently parallel to this one, our *Colorado River* analysis would stop here. *Glassie v. Doucette*, No. 21-1761, 2022 WL 17412856, at *3 (1st Cir. Dec. 5, 2022) (stating "the case for *Colorado River* abstention does not get to first base" because there is "substantial doubt that resolution of the state-court actions will provide a vehicle for the 'complete' resolution of the issues between the parties").

The second factor tilts slightly in favor of deferring jurisdiction. Because the parties are in Fajardo and the surrounding area, Docket No. 14, pg. 5, litigating in local court there saves them the drive to San Juan where the federal court sits. *Villa Marina I*, 915 F.2d at 15 (stating that this factor is "concerned with the physical proximity of the federal forum to the evidence and witnesses").

Now to the third factor: the desirability of avoiding piecemeal litigation. This factor weighs in favor of deferring jurisdiction "only where the implications and practical effects of litigating the parallel actions provide an *exceptional basis* for surrendering federal jurisdiction, such as a clear competing policy or some special complication." *Nazario-Lugo*, 670 F.3d at 116. Put differently, there must be "something more than just the repetitive adjudication that takes place" across all parallel litigation. *Jiménez*, 597 F.3d at 29. We see nothing about the parallel proceedings here that make them special or exceptional *vis-à-vis* other parallel proceedings. The Municipality contends, without explanation, that if one court

Concilio de Salud Integral de Loiza, Inc. v.
Municipality of Rio Grande et al.

Page 13

concludes before the other, then the second court's resolution will be advisory. Docket No. 14, pg. 5. We surmise that it is making this argument based on *Currie*. There, the First Circuit granted a stay under the *Colorado River* doctrine in part because the case required the federal court to answer an unsettled question of state law that was currently pending in state court. *Currie*, 290 F.3d at 11. If the federal court answered this unsettled question of state law differently than the state, then the federal opinion would be "merely advisory—an outcome [courts] seek to avoid in any case." *Id.* The Municipality does not explain why this case is like *Currie*, and we see nothing that places it "beyond the pale of duplicative proceedings." *Jiménez*, 597 F.3d at 29.

The fourth factor, the order in which the forums obtained jurisdiction, is concerned with more than simply which case was filed first. Under this factor, we consider how much each case has progressed. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how

much progress has been made in the two actions."). There has been no progress here. CSIL filed suit, and the defendants filed motions to dismiss and a motion to stay. But in the Puerto Rico proceedings, the court has already ruled that the Municipality has title to the property. Docket No. 45, pg. 1. So even though our case was filed first, the Puerto Rico case appears to have progressed further. Thus, this factor weighs in favor of deferring jurisdiction. *See Colo. River*, 424 U.S. at 820 (stating the absence of any proceedings other than filing a complaint and motion to dismiss in federal court weighs in favor of yielding jurisdiction).

As to the fifth factor, the source of law, "in some rare circumstances the presence of state-law issues may weigh in favor" of surrendering jurisdiction, but "the presence of federal-law issues must always be a major consideration weighing against surrender." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26. The source-of-law factor deserves no weight where "neither complex nor novel issues of local law are apparent." *Nazario-Lugo*, 670 F.3d at 118. After all, there is nothing

Concilio de Salud Integral de Loiza, Inc. v.
Municipality of Rio Grande et al.

Page 15

extraordinary about federal courts applying local law. *Id.* The amended complaint seeks relief under both federal and local law. No party has directed us to any novel or complex issues of local law, and we see none. Because there are federal-law issues and no party has directed us to any novel or complex issues of local law, the fifth factor weighs against surrendering jurisdiction.

The last three factors are neutral. Puerto Rico can adequately protect the parties' interests (sixth factor). *See generally United States v. Fairway Cap. Corp.*, 483 F.3d 34, 43 (1st Cir. 2007) (understanding "this factor to be important only when it disfavors abstention"). And CSIL did not file this lawsuit vexatiously (seventh factor). It filed this action after the Puerto Rico court denied its request for an order requiring the Municipality to accept its construction excise tax payment. Because this action is fundamentally different than that one and the Municipality is the party that filed the expropriation action, there is no reason to believe that CSIL filed this lawsuit vexatiously or that its federal claims are contrived. Finally,

respect for the principles underlying removal jurisdiction, does not apply here (eighth factor).

Of the eight factors, two of them—the convenience of the forum and progression of the case—point toward surrendering jurisdiction. One—the source of law—counsels against. The rest are neutral. We begin with a "heavy presumption favoring the exercise of jurisdiction," *Currie*, 290 F.3d at 10 (quoting *Villa Marina I*, 915 F.2d at 13), and there are no extraordinary circumstances here that overcome that presumption and thereby justify abstention. Thus, amending the complaint would not be futile on the ground that we would have to abstain from resolving this case under the *Colorado River* doctrine.

### III. Conclusion

In sum, even if we agree with the Municipality that the Puerto Rico expropriation action and this one are sufficiently parallel, there are no extraordinary circumstances here that justify abstaining from exercising jurisdiction. Having rejected the only ground that the Municipality raises in

CONCILIO DE SALUD INTEGRAL DE LOIZA, INC. V.
MUNICIPALITY OF RIO GRANDE ET AL.

Page 17

opposition to CSIL's motion for leave to amend and seeing no reason to deny leave, we **GRANT** CSIL's motion for leave to amend its complaint (Docket No. 55). Because there is a new operative complaint that does not include the Municipality's mayor and legislators, many of the arguments that the defendants have raised in their motions to dismiss and stay no longer apply, have been resolved, or are moot. We therefore **DENY without prejudice** the pending motions to dismiss and motion to stay[3] (Docket Nos. 14, 27, 29, 43). The

---

3. The Municipality argues that this case should be stayed under the automatic stay provision in the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). Docket No. 43. PROMESA incorporates, as relevant here, two stay provisions from the Bankruptcy Code. *See* 48 U.S.C. § 2161(a). Section 362 stays "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1). Section 922 stays "the commencement or continuation . . . of a judicial . . . proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor." § 922(a)(1). There are two important differences between these provisions. The first is that § 362 applies to suits against the debtor, whereas § 922 applies to suits against the debtor's officers and inhabitants. *Víctor J. Salgado & Assocs. v. Cestero-Lopategui*, 34 F.4th 49, 53 (1st Cir. 2022). The second is that § 362 applies only to claims that arose before the debtor filed its bankruptcy petition, whereas § 922

CONCILIO DE SALUD INTEGRAL DE LOIZA, INC. V.
MUNICIPALITY OF RIO GRANDE ET AL.

Page 18

Municipality may refile these motions as to the amended complaint insofar as they contain unresolved issues.

CSIL shall file its amended complaint as a separate docket entry on or before 12/20/2022. The defendants shall answer the amended complaint on or before 1/3/2023. FED. R. CIV. P. 15(a)(3).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of December 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

applies to claims that arose pre-petition *and* post-petition. *Id.* at 57 (Thompson, J., concurring). The Municipality's motion to stay is premised on § 922. Since the Municipality's officers (its mayor and legislators) are no longer part of this case, it might need to reevaluate its motion to stay.