**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Concilio de Salud Integral de Loíza, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Municipality of Río Grande, <br><br> Defendant. | **Civil No. 21-01510(GMM)** |

### OPINION AND ORDER

This case presents a constitutional Takings controversy concerning a property located in Río Grande, Puerto Rico, which is currently subject to an eminent domain action in the Puerto Rico State Court ("State Court"). Before this Court, Plaintiff Concilio de Salud Integral de Loíza, Inc.'s ("Plaintiff" or "CSILO") brings an action pursuant to Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983") and argues that the Defendant, the Municipality of Río Grande ("Defendant" or "Municipality"), violated its federal constitutional rights by preventing it from developing, using and enjoying said property.

Having reviewed the parties' briefs and the record, and after taking judicial notice of recent developments in the parallel proceedings held before the State Court— which were brought to the Court's attention by both Plaintiff and Defendant in their summary

Civil No. 21-01510(GMM)
Page -2-

judgment motions— the Court finds that, as a matter of comity and pursuant to R.R. Comm'n v. Pullman Co., 312 U.S. 496, 501,(1941), abstention is warranted. For the reasons set forth below, the Court stays this case pending resolution of the State Court case, which is currently awaiting decision.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

CSILO alleges that the Municipality took its property, located in Río Grande, Puerto Rico, (the "Property") in October of 2020 until present time, completely depriving them of "being able to develop, use and enjoy said property that was initially going to be used as a Federally Qualified Health Center to provide primary health services to the indigent communities and others." (Docket No. 112). Accordingly, on October 19, 2021, CSILO filed a Complaint against the Municipality, its mayor, and municipal legislators for damages under Section 1983; the Takings Clause of the Fifth Amendment of the Constitution of the United States, U.S. Const. amend. V; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, U.S. Const. amend. XIV, unjust enrichment and general tort damages pursuant to the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. CSILO also sought injunctive relief to rectify physical and regulatory takings of its property under Rule 57 and Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 57, 65. *See* (Docket No. 1). On December 15, 2022, CSILO filed its *First Amended Complaint*, which

included facts related to its regulatory taking claims, removed its request for injunctive relief, and dropped the claims against the mayor and municipal legislators. *See* (Docket No. 61).

On January 30, 2023, the Municipality moved to dismiss the case pursuant to <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976). *See* (Docket No. 67). The Court, however, denied the *Motion to Dismiss* in an *Opinion and Order*, concluding that dismissal under <u>Colorado River</u> was unwarranted. *See* (Docket No. 85). Thereafter, the Court issued a *Case Management Order* on September 1, 2023. *See* (Docket No. 94).

Subsequently, on November 14, 2024, CSILO filed its *Motion for Summary Judgment. See* (Docket No. 112). According to CSILO, the Municipality "incurred in a Taking" since October of 2020, specifically since October 21, 2020, when the Municipality Legislators passed a Municipality Ordinance, which stated that the Municipality would "take the Property of CSILO via eminent domain in order to establish new administrative offices for the Municipality and the Commonwealth of Puerto Rico." (<u>Id.</u> at 11). CSILO also posits that "[t]he Municipality's rejection of the check amount of one hundred one thousand eight hundred fifty dollars ($101,850.00) for the construction excise tax to the Municipality has effectively halted CSILO's right to develop, use and enjoy the Property," thereby incurring in a regulatory taking. (<u>Id.</u> at 6).

Civil No. 21-01510(GMM)
Page -4-

In addition, CSILO contends that on July 6, 2022, the Municipality filed a "Petition for Expropriation" in the State Court against the Property. *See* (id. at 13). Hence, CSILO argues that the "seizure of CSILO's Property by the Municipality has caused economic damages" because it deprived them of the use and enjoyment of the Property, by not permitting them to remodel the same and receive benefits for providing primary health care services in the future. *See* (id. at 13-14).

On March 17, 2025, the Municipality filed its *Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and Request for Summary Judgment in Favor of the Defendant* ("Opposition and Motion for Summary Judgment"). (Docket No. 132). Therein, the Municipality references the case captioned Municipio de Rio Grande v. Adquisición de Finca 27,661 de la Urbanización Industrial Las Flores and Concilio de Salud Integral; SZ Development, Civil Case No. RG2022CV00284, where the State Court had vested it with title over the Property. This is the same case that Plaintiff referred to in its *First Amended Complaint* and in the *Motion for Summary Judgment*.

In addition, the Municipality argues that it did not violate the Takings Clause because it validly exercised its eminent domain power, was vested with the title of the Property, and deposited $3,600,000.00 in the State Court's escrow account as just compensation in favor of CSILO. *See* (id. at 13-15). Moreover, the

Municipality argues that CSILO is only entitled to just compensation for fair market value and does not have a valid claim for damages relating to lost revenue. *See* (id. at 19-22). The Municipality further asserts that there is a genuine factual controversy regarding the Registry Certification submitted in this case. Specifically, the Municipality notes that the Registry Certification it provided did not include a restrictive condition, whereas CSILO later produced a different certification, issued months later, that did contain the condition. *See* (id. at 22). The Municipality argues that this discrepancy raises issues that must be addressed in the State Court and asserts that CSILO has no standing to invoke this argument, as it concerns matters outside its authority. *See* (id. at 22-23).

On April 30, 2025, CSILO filed a Reply *to Docket 132 Opposition to Motion for Summary Judgment and Request for Summary Judgment in Favor of the Defendant*. (Docket No. 144). Therein, CSILO submits that the Supreme Court of Puerto Rico issued an Opinion on April 4, 2025, in the case captioned Municipio de Río Grande y otro v. Adquisición de Finca 27.661 de la Urbanización Industrial Las Flores, et al, 2025 TSPR 36, which reversed a series of decisions from the lower courts. *See* (id.).

On May 23, 2025, the Municipality filed a *Sur-Reply to Plaintiff's "Reply to Docket 132 Opposition to Motion for Summary Judgment and Request for Summary Judgment in Favor of Defendant."*

Civil No. 21-01510(GMM)
Page -6-

(Docket No. 152). On June 3, 2025, CSILO filed its *Motion in Compliance with Docket 153 Court Order to Respond to Docket 152 Sur-Reply to Docket 132 Opposition to Motion for Summary Judgment and Request for Summary Judgment in Favor of the Defendant*. (Docket No. 158).

## II.  LEGAL STANDARD

"The Supreme Court has directed that, in certain circumstances, a federal court should abstain from reaching a federal constitutional issue where it is likely that the dispute could be resolved (or narrowed) in state court under state law." 29 Greenwood, LLC v. City of Newton, 128 F.4th 1, 4 (1st Cir. 2025) (*citing* Pullman, 312 U.S. at 501). The purpose of Pullman abstention is to enable courts "to avoid resolving. . .federal question[s] by encouraging a state-law determination that may moot the federal controversy." Id.; San Remo Hotel, L.P. v. City & Cnty. of S.F., 545 U.S. 323, 339 (2005). Abstention also "serves to 'avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues.'" Batterman v. Leahy, 544 F.3d 370, 373 (1st Cir. 2008) (*quoting* Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 76 (1997)). Therefore, the Supreme Court has found that it is often appropriate for a federal court to abstain from reaching a constitutional issue "[w]here there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim." Harris Cnty. Comm'rs

Civil No. 21-01510(GMM)
Page -7-

Ct. v. Moore, 420 U.S. 77, 83 (1975). This is particularly true when a constitutional question implicates issues of land-use planning -a "sensitive area of social policy into which the federal courts should not lightly intrude." Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 802 (9th Cir. 2001) (*quoting* Pearl Inv. Co. v. City & Cnty. of S.F., 774 F.2d 1460, 1463 (9th Cir. 1985)).

Under the principle set forth in Pullman, a federal court confronted with such circumstances "should stay its hand in order to provide the state court an opportunity to settle the underlying state-law question and thus avoid the possibility of unnecessarily deciding a constitutional question." Harris County, 420 U.S. at 84. Pullman abstention thus "serves a dual purpose: it 'avoid[s] the waste of a tentative decision as well as the friction of a premature constitutional adjudication.'" Guiney v. Roache, 833 F.2d 1079, 1081 (1st Cir. 1987) (*quoting* Pullman, 312 U.S. at 500); *see also* Pustell v. Lynn Pub.  Schools, 18 F.3d 50, 53 (1st Cir. 1994) (noting that abstention also "promot[es] the principles of comity and federalism by avoiding needless federal intervention into local affairs"); Ford Motor Co. v. Meredith Motor Co., Inc., 257 F.3d 67, 71 (1st Cir. 2001).

"It is also significant that a district court is entitled to raise abstention issues *sua sponte*." Ford Motor Co., 257 F.3d at

71 n. 3 (1st Cir. 2001); *see also* <u>29 Greenwood, LLC v. City of Newton</u>, 128 F.4th at 4.

### III. APPLICABLE LAW AND ANALYSIS

A.  <u>Knick Does Not Preclude Pullman Abstention</u>

CSILO argues that it brings its constitutional and takings claims before this Court under Section 1983 pursuant to the Supreme Court's ruling in <u>Knick v. Township of Scott</u>, 588 U.S. 180 (2019). However, the Municipality objects to federal adjudication since there are pending condemnation claims in State Court.

Prior to <u>Knick</u>, a plaintiff challenging a state land-use policy under the Takings Clause of the Fifth Amendment —which provides that "private property [shall not] be taken for public use, without just compensation"— needed to overcome the exhaustion and ripeness hurdles set out in <u>Williamson County Regional Planning Commission v. Hamilton Bank</u>, 473 U.S. 172 (1985). <u>Williamson County</u> held that takings plaintiffs may not bring their claims in federal court until they have tried, and failed, to obtain just compensation through state channels. *See* <u>id.</u> at 194-195. However, the Supreme Court overturned the state litigation requirement established in <u>Williamson</u>. In <u>Knick</u>, the Court held that a "property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government." <u>Id.</u> at 206.

Notwithstanding, after the Supreme Court's ruling in Knick, courts have ruled that "Knick does not limit a district court's ability to abstain from a federal takings claim under the Pullman doctrine because of a related eminent domain action that was pending in state court." CKC Properties, LLC v. Town of Mt. Pleasant, S.C., No. 2:23-CV-04489-DCN, 2024 WL 39067, at *7 (D.S.C. Jan. 3, 2024) (citing Gearing v. City of Half Moon Bay, 54 F.4th 1144, 1148 (9th Cir. 2022). Knick does not address abstention. Rather, it addresses "ripeness, which goes to when a claim accrues for purposes of judicial review." Knick at 181. "Abstention, on the other hand, allows courts to stay claims that have already accrued." Gearing v. City of Half Moon Bay, 54 F.4th at 1148 (citing San Remo Hotel, 545 U.S. at 324) ("[The court] invoked Pullman abstention after determining that a ripe federal question existed as to petitioners' facial takings challenge.").

This Court has already determined that this case is parallel with the condemnation proceeding pending in State Court. See Opinion and Order at Docket No. 85 at 12. However, at that time, the Court declined to abstain at the motion to dismiss stage under the Colorado River Doctrine because the State Court had dismissed CSILO's inverse condemnation claims, which included allegations nearly identical to the one before this Court. Yet, now Plaintiff has informed the Court that the Puerto Rico Supreme Court issued an Opinion this past April, which overturned a series of decisions

Civil No. 21-01510(GMM)
Page -10-

from the lower courts, including the dismissal of Plaintiff's inverse condemnation claims.

B.    Pullman's Requirements Are Satisfied

Moreover, the Pullman requirements are satisfied here. First, as the First Circuit has recently recognized in 29 Greenwood, LLC v. City of Newton, 128 F. 4th at 4, land use planning is a sensitive area of social policy that meets the first requirement for Pullman abstention. *See also* Gearing v. City of Half Moon Bay, 54 F.4th at 1150; Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 802 (9th Cir. 2001) (*quoting* Pearl Inv. Co., 774 F.2d at 1463). In its *First Amended Complaint*, as well as in subsequent filings before this Court, it is clear that CSILO challenges the Municipality's Ordinance, which designated the Property for public use. *See* (Docket Nos. 61 at 6-12; 112 at 5-6).

Second, the constitutional question presented before this Court could be narrowed by a state-law ruling. The primary question raised in this suit is whether the Municipality violated the Takings Clause since October of 2020 by issuing an Ordinance establishing that it would exercise eminent domain over the Property. In this case, the ruling in the state eminent domain action will likely narrow the federal litigation, as it will require the State Court to interpret the Ordinance in question, along with the applicable state law on eminent domain and inverse

condemnation. The proper interpretation of these state regulations and laws is also relevant to the federal claims. In addition, as part of the eminent domain proceedings, the State Court must ascertain when the taking took place. This determination, as well as the fair market value calculation, and any additional compensation that may be granted, could likely impact the regulatory taking issue brought before this Court. Also, whether the Municipality's actions would constitute additional constitutional violations turns, at least in part, on the legality of those actions under state law and the State Court's determination in the eminent domain action, which is ongoing after the Puerto Rico Supreme Court issued its Opinion this past April.

Given the overlapping legal issues between the pending state-court case (concerning state law, not federal constitutional law) and the case here (concerning a federal constitutional issue), the best course is for the State Court to analyze this dispute before the federal court weighs in further.

## IV.  CONCLUSION

For the foregoing reasons, the Court STAYS this case pending resolution of the State Court case, which is currently awaiting decision.[1] This case shall be administratively closed and can be

---

[1] Upon this determination, the Court deems that the parties' cross-motions for summary judgment should be denied without prejudice, as the Court does not reach the merits and there are issues of material fact that remain in dispute.

**Civil No. 21-01510(GMM)**
**Page -12-**

reopened on motion by the parties, informing of judicial

developments. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, June 6, 2025.


s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE